IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KODJOVI MARTIAL HADEN, 33457-177, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-1884-P |
| ) | ECF |
| UNITED STATES OF AMERICAN, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This *pro se* action, purporting to be a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, is brought by a federal prisoner currently confined at FCI Seagoville pursuant to a term of imprisonment imposed by this Court on March 9, 2006, in Cause No. 3:05cr109-P(01). Petitioner paid the $5.00 filing fee. A direct criminal appeal is presently pending before the Unites States Court of Appeals for the Fifth Circuit in No. 06-10378.[1]

Statement of Case: Petitioner alleges *inter alia* that his conviction is unconstitutional. He explains that he was "forced" to accept ineffective counsel, who was racist and who refused

---

[1] In accordance with Clerk's Office internal procedures, a § 2241 habeas petition filed by a federal prisoner sentenced in the Dallas Division is directly assigned to the sentencing judge.

to contact the Consulate General of Togo, West Africa, in a conspiracy with the Prosecutors. (§ 2241 Pet. at 1). He further explains that he was "traumatized" by the decision to attempt to defend himself when he was unqualified and incompetent to do so. (*Id.* at 1-2). With respect to the government, Petitioner alleges that it conspired with his former counsel in violation of Texas State Bar Rules. (*Id.* at 2). He requests "an [order] to vacate [his] conviction, based on all allegations of fact contained herein." (*Id.* at 3).

After the filing of this action, Petitioner submitted a motion to disqualify Judge Solis as the presiding judge in this case.

Findings and Conclusions: Although Petitioner denominates his current petition as one for habeas relief under 28 U.S.C. § 2241, and specifically states that he is not seeking relief under 28 U.S.C. § 2255 (see Pet. at 1), the petition clearly seeks to attack the validity of his federal conviction and, thus, the legality of the sentence that he is currently serving.

Since Petitioner is incarcerated in the Dallas Division of the Northern District of Texas, this Court has the jurisdiction to determine whether his claims are properly brought under § 2241. See Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) (same).

Section 2255 "provides the primary means of collaterally attacking a federal conviction and sentence." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); see also Padilla, 416 F.3d at 425-26; Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under this section is warranted for errors that occurred at trial or sentencing. Cox, 911 F.2d at 1113. A section 2255 motion must be filed in the sentencing court. Pack v. Yusuff, 218 F.3d

448, 451 (5th Cir. 2000).

By contrast a § 2241 petition permits challenges to the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. Id. at 451; see also Padilla, 416 F.3d at 425-26. Habeas relief under § 2241 may be appropriate when the remedy provided under § 2255 is "inadequate or ineffective." – i.e., the so-called "savings clause." Jeffers, 253 F.3d at 830. "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.

The relief Petitioner seeks is more appropriately requested by way of an application under § 2255 in the convicting court. The § 2255 remedy, however, is presently unavailable to him because of the pendency of his direct criminal appeal. The Fifth Circuit has long held that a district court is precluded from entertaining a § 2255 motion during the pendency of a direct appeal. Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (citing Welsh v. United States, 404 F.2d 333 (5th Cir. 1968). Insofar as Petitioner argues that the § 2255 remedy is presently inadequate or ineffective to test the legality of his conviction because of the pendency of his direct appeal, his claim is patently frivolous. Accordingly, habeas relief under the savings clause of § 2241 is premature.

Based on the foregoing, the petition for writ of habeas corpus under § 2241 should be dismissed for want of jurisdiction. Petitioner remains free to argue his current claims on direct appeal. Should these fail, and Petitioner's conviction becomes final, he would then be free to file a § 2255 motion in the ordinary course in the convicting court.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 19th day of October, 2006.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.